IDA ALTMAN v. ISAAC S. YOUNG ET AL.

*Exceptions—Refusal to dismiss appeal from a justice—Action for value of goods—Identity of goods.*

The denial of a motion to dismiss an appeal from a justice's court is not ground for an exception.

In a suit against a married woman for goods sold her in the way of business, it was *held* proper to cross-examine her and her husband fully as to their habit of purchasing and doing business.

In a suit for the value of goods sold it is proper to examine a witness as to the identity of certain goods with those mentioned in the bill filed in the case.

Error to Wayne. Submitted Jan. 31. Decided Feb. 1.

ASSUMPSIT. Defendant brings error.

*B. T.* and *Geo. H. Prentis* for plaintiff in error.

*Slesinger & Frost* for defendant in error. Findings will not be reviewed if not excepted to, *Trudo v. Anderson*, 10 Mich., 357; *Thomas v. Sprague*, 12 Mich., 120; *Tillman v. Fuller*, 13 Mich., 113; *Wright v. Wilson*, 17 Mich., 204; *Peabody v. McAvoy*, 23 Mich., 526; *McMillan v. Gilt Edge Cheese Factory*, 23 Mich., 544; *Feller v. Green*, 26 Mich., 70.

CAMPBELL, C. J. This is an action of assumpsit for goods sold brought before a justice and appealed by Mrs. Altman, the defendant, to the circuit, where judgment was also rendered against her. She brings error.

On the trial upon the merits, as appears from the record, several questions came up which will be presently considered. We do not understand how the denial of a motion to dismiss an appeal can be made the ground of an exception, and we shall not consider that question.

Several questions were asked Mrs. Altman and her husband on cross-examination concerning their habit of purchasing and doing business. As the chief issue

related to Mrs. Altman's being concerned in business, and her purchase of these goods sued for was denied, we think a proper discretion was exercised by the circuit judge in allowing full inquiry into these dealings.

As we are not informed why the reading of the justice's return was objected to, we are unable to say it was incompetent.   It was part of the record.

A witness (Benfey) was asked whether certain goods were identical with those mentioned in the bill on file. As the identity of the goods was in issue, we can see no reason why this was not a proper course, and the objection does not seem to be relied on upon the argument filed.

The alleged errors in the judge's finding were not excepted to.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.